UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Humantech, Inc.,** : | |
| : | |
| Plaintiff, | : Case No. 11-14988 |
| : | |
| v. | : Dist. Judge Hon. Robert H. Cleland |
| : | |
| **Caterpillar Inc.**; | : Mag. Judge Hon. Michael J. Hluchaniuk |
| **Caterpillar Logistics Inc**.; and | : |
| **Neovia Logistics Services, LLC f/k/a** | : |
| **Caterpillar Logistics Services LLC,** | : |
| : | |
| Defendants. | : |

_____/

### STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of the parties, the following Protective Order shall govern discovery in this action.

**Proceedings and Information Governed**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and documents, writings or other things produced, given or filed in this action that are designated by a party as "Confidential" Information or "Attorneys' Eyes Only" Information in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries,

**EXHIBIT B TO RULE 26(F) REPORT**

descriptions, or other forms of recorded information containing, reflecting, or disclosing such information, all of which shall be referred to hereinafter as "Information."

**Designation and Maintenance of Information**

2. For purposes of this Protective Order, (a) the "Confidential" Information designation shall mean that the Information so designated is comprised of any information a party reasonably and in good faith believes to contain confidential information that is not publicly available, such as research and development, commercial, financial, or other sensitive information, which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential; and (b) the "Attorneys' Eyes Only" Information designation shall mean that the Information so designated is comprised of any information that a party reasonably and in good faith believes to contain information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, and any other sensitive trade secret information. Confidential Information and Attorneys' Eyes Only Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made, unless that party is already bound by agreement not to disclose such information, or has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. (a) Information may be designated as confidential by:

(i) In the case of documents produced in discovery (including electronic documents produced in TIFF or PDF form), by marking each page containing any Confidential

Material with the word "Confidential" and by marking each page containing any Attorneys' Eyes Only Material with the words "Attorneys' Eyes Only."

    (ii) In the case of written discovery responses, by marking with the appropriate designation both (i) the first or cover page and (ii) each page containing Confidential or Attorneys' Eyes Only Material.

    (iii) In the case of electronically stored information in any form ("ESI"), by designating the ESI as Confidential or Attorneys' Eyes Only in a cover letter accompanying the production of the ESI. Where feasible, counsel for the producing party will also mark the disk, tape or other electronic media on which the ESI produced with the appropriate designation. If a party reduces Confidential or Attorneys' Eyes Only ESI to hardcopy form, it shall mark the hardcopy with the appropriate designation. Whenever any Confidential or Attorneys' Eyes Only ESI is copied, all copies shall be marked with the appropriate designation.

    (b) A party may designate Information disclosed at a deposition as Confidential or Attorneys' Eyes Only by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. After receipt of the transcript, and only upon written demand of the receiving party to specifically designate the testimony, the designating party shall have 14 calendar days after receipt of such demand to designate, in writing to the other parties and to the court reporter, those portions of the testimony in the transcript that the designating party is designating as Confidential Information or Attorneys' Eyes Only Information. If no such designation is made within 14 calendar days after receipt of such a written demand, the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys' Eyes Only Information. Any testimony designated Confidential or Attorneys' Eyes Only shall be marked and treated in the same manner as documents covered by

this Protective Order. All videotapes of depositions shall be clearly labeled Confidential or Attorneys' Eyes Only, as appropriate pursuant to this Protective Order.

(c) It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Attorneys' Eyes Only Information in a secure manner and appropriately identified so as to allow access to such Information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate**

4. The inadvertent failure to designate or withhold any Information as Confidential Information, Attorneys' Eyes Only Information or as subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as Confidential Information, Attorneys' Eyes Only Information or privileged at a later date in writing and with particularity. The Information shall be treated by the receiving party as confidential or privileged from the time the receiving party is notified in writing of the change in the designation.

The inadvertent production by a producing party of information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced information is made promptly after the producing party learns of its inadvertent production.

Upon a request from any producing party who believes it has inadvertently produced information that is privileged and/or protected and/or otherwise not subject to discovery in this matter, each receiving party shall immediately destroy or return such information (including all

copies) to the producing party. The producing party shall within a reasonable time provide the receiving party with a privilege log of any such returned or destroyed material that identifies the basis for it being withheld from production. Notwithstanding this provision, no party, party representative, or attorney is required to delete information that may reside on the respective party's, party representative's, or attorney's electronic back-up systems that are over-written in the normal course of business. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the snapped-back content of the allegedly privileged materials in question) by submitting a written challenge to the Court. However, any such written challenge shall be designated Attorneys' Eyes Only, and the disputed material shall be provided by the producing Party only for *in camera* inspection by the Court and not filed as part of the Court's normal electronic or paper docketing system.

### Challenge to Designations

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have five (5) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this five (5) business day timeframe, and after the conference required under Local Rule 7.1(a), the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated Information. Until any dispute under this paragraph is ruled upon by the Court,

the designation shall remain in full force and effect and the Information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information**

6.  Information designated as Confidential Information or Attorneys' Eyes Only Information may only be used for purposes of preparation, trial and appeal of this action. Confidential Information or Attorneys' Eyes Only Information may not be used under any circumstances for any purpose other than prosecution of the parties claims and defenses in this action and in no event may any such Information be shared with any third party, including in particular any customer, potential customer, distributor, contractor, or supplier of any of the parties, or their officers, directors, employees, agents, attorneys, or consultants.

7.  Subject to paragraphs 6 and 9 hereof, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of and agree to the terms of this Protective Order: (a) employees of the receiving party required in good faith to assist counsel in the conduct of this case; (b) in-house counsel of the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, and legal clerks; (e) experts or consultants who are not regular employees of a party but are retained on behalf of any of the parties to assist in the preparation of this case; (f) actual or potential witnesses who are currently employed by the producing party, who were employed by the producing party at the time the material was created, or who created and received the material outside the context of this case; (g) outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this case, mock trial, and computer service personnel performing duties in relation to a computerized litigation system; (h) court reporters,

videographers, stenographers, and court personnel; and (i) the Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action.

8. Subject to paragraphs 6 and 9 hereof, Attorneys' Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of and agree to the terms of this Protective Order: (a) one (1) in-house counsel who is identified by the receiving party prior to receipt of the Attorneys' Eyes Only information; (b) outside counsel for the receiving party; (c) supporting personnel employed by (b), such as paralegals, legal secretaries, data entry clerks, and legal clerks; (d) experts or consultants who are not regular employees of a party but are retained on behalf of any of the parties to assist in the preparation of this case; (e) actual or potential witnesses who are currently employed by the producing party, who were employed by the producing party at the time the material was created, or who created and received the material outside the context of this case; (f) outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this case, and computer service personnel performing duties in relation to a computerized litigation system; (g) court reporters, videographers, stenographers, and court personnel; and (h) the Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action.

If a receiving party possesses a good faith belief that it is necessary to show Attorneys' Eyes Only Information of a producing party to a person(s) not permitted to receive such information under subparagraphs (a) through (h) above, the receiving party may submit a written request to the producing party for permission to show the Attorneys' Eyes Only Information to the person(s). The written request shall contain an identification of the person(s) by name, employer, job title or position, the reason for the disclosure (e.g., deposition

preparation), and a description of the subject matter of the information the receiving party wishes to show to the person(s). The producing party shall thereafter have five (5) business days to consider whether to allow the Attorneys' Eyes Only Information to be shown to the person(s). If the parties are unable to reach agreement after the expiration of this five (5) business day time frame, and after the conference required under Local Rule 7.1(a), the receiving party may at any time thereafter seek a Court Order allowing the Attorneys' Eyes Only Information to be shown to the person(s). Until any dispute under this paragraph is resolved by the parties or ruled upon by the Court, the Attorneys' Eyes Only information shall not be shown to the person(s). A person who is shown Attorneys' Eyes Only information pursuant to this provision, whether by agreement or by Court order, may review the information, but may not maintain any copies of the Attorneys' Eyes Only information in his or her possession in any form whatsoever.

9. Further, prior to disclosing Confidential Information or Attorneys' Eyes Only Information to a receiving party's proposed expert or consultant, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation and any current and past consulting relationships in the industry. The producing party shall thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to disclosure of such Information to any proposed expert, consultant or employee. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within ten (10) business days shall constitute approval. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed expert,

8

consultant or employee during the ten (10)-business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

10. Confidential Information or Confidential Attorneys' Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if: (a) the Information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee; (b) the designating party is the party for whom the person is a director, officer, employee, consultant or agent; or (c) counsel for the party designating the Information agrees that the Information may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of the Information. Disclosure of Information pursuant to this paragraph shall not constitute a waiver of the confidential status of the Information so disclosed.

**Non-Party Information**

11. The existence of this Protective Order shall be disclosed to any person producing Information in this action who may reasonably be expected to desire confidential treatment for such Information. Any such person may designate Information it provides as Confidential Information or Confidential Attorneys' Eyes Only Information pursuant to this Protective Order.

**Filing Documents With the Court**

12. In the event a party wishes to submit Confidential Information or Attorneys' Eyes Only Information in connection with a paper filed with the Court, the information shall be submitted through the Court's ECF system in such a manner as to maintain its status as Confidential Information or Attorneys' Eyes Only Information. To the extent such Confidential Information or Attorneys' Eyes Only Information cannot be submitted through the ECF system in a manner that will maintain its status as such, or if a party submits such information in connection with a courtesy copy of a paper filed with the Court, the submission shall be made in a sealed envelope bearing the caption of this action and a notice in the following form:

CONFIDENTIAL INFORMATION
Humantech, Inc. v. Caterpillar, Inc. et al.
Case No. 11-cv-14988
This envelope, which is being filed under seal, contains
documents that are subject to a Protective Order governing
the use of confidential discovery material.

**No Prejudice**

13. Producing or receiving Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of Information that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular Information be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Information.

**Conclusion of Litigation**

14. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all Information containing Confidential Information or Attorneys' Eyes Only Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, deposition and trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings**

15. By entering this Protective Order and limiting the disclosure of Information in this case, the Court does not intend to preclude another court from finding that Information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's Information designated Confidential pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that Information should be disclosed.

**Remedies**

16. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators

of this Protective Order in contempt.  All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

17. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Protective Order.

Date: October 12, 2012

                                                <u>S/Robert H. Cleland</u>
                                                United States District Judge

STIPULATED AND APPROVED AS TO CONTENT AND FORM:

By: /s/ David S. McDaniel
Peter M. Falkenstein (P61375)
David S. McDaniel (P56994)
JAFFE RAITT HEUER & WEISS, P.C.
201 S. Main St., Suite 300
Ann Arbor, Michigan 48104
(734) 222-4776
pfalkenstein@jaffelaw.com
dmcdaniel@jaffelaw.com

*Attorneys for Plaintiff Humantech, Inc.*

Date: October 3, 2012

By: /s/ Gregory J.Commins, Jr.
Victor T. Van Camp
Martin Bacon & Martin, P.C.
44 First St.
Mt. Clemens, MI 48043

Robert G. Abrams
Gregory J. Commins, Jr.
Carey S. Busen
Baker & Hostetler LLP
1050 Connecticut Ave., NW, Suite 1100
Washington, D.C. 20036

*Attorneys for All Defendants*

Date: October 3, 2012.

13

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Humantech, Inc.,** : | |
| : | |
| Plaintiff, | : Case No. 11-14988 |
| : | |
| v. | : Dist. Judge Hon. Robert H. Cleland |
| : | |
| **Caterpillar Inc.**; | : Mag. Judge Hon. Michael J. Hluchaniuk |
| **Caterpillar Logistics Inc**.; and  : | |
| **Neovia Logistics Services, LLC f/k/a**  : | |
| **Caterpillar Logistics Services LLC**, : | |
| : | |
| Defendants. : | |

_____/

### CONFIDENTIALITY AGREEMENT FOR EXPERT OR CONSULTANT OF ANY PARTY

I hereby affirm that:

1. Information, including documents and things, designated as "Confidential Information," or "Confidential Attorneys' Eyes Only Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

2324133.1
LIB01\2328367.1-DAVMCD

4. I submit to the jurisdiction of this Court for enforcement of the Protective Order.

5. I agree not to use any Confidential Information or Attorneys' Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such Information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

6. I understand that I am to retain all Information designated as or containing Confidential Information or Attorneys' Eyes Only Information in a secure manner, and that all such Information if to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such Information, including all copies thereof, and any writings prepared by me containing any Confidential Information or Attorneys' Eyes Only Information are to be returned to counsel who provided me with such Information.

Dated: _____    By _____