UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUMANTECH, INC.,

       Plaintiff,

                                       Case No. 11-14988
                                       HON. GERSHWIN A. DRAIN

v.

CATERPILLAR, INC., *et al.*,

       Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT [#87]

**I.    INTRODUCTION**

On November 11, 2011, Plaintiff, Humantech, Inc. ("Humantech"), filed the instant action. Humantech alleges that Defendant, Caterpillar, Inc. ("Caterpillar"), committed copyright infringement and breached the parties' contract.

Presently before the Court is Humantech's Motion for Leave to File a Third Amended Complaint [#87], filed on December 5, 2013.  This matter is fully briefed and the hearing set for February 3, 2014 is cancelled. *See* E.D. Mich L.R. 7.1.(f)(2).

For the reasons that follow, the Court will GRANT Humantech's Motion for Leave to File a Third Amended Complaint ("TAC").

**II.    STATEMENT OF FACTS**

Humantech initially brought this action against three Caterpillar-related Defendants,

1

Caterpillar, Caterpillar Logistics, Inc., and Caterpillar Logistics Services, LLC, asserting claims in copyright infringement, false designation of origin, and breach of contract. Shortly thereafter, on November 28, 2011, Humantech filed a First Amended Complaint ("FAC"), as of right[1], adding claims against Defendants for violation of the Digital Millennium Copyright Act ("DMCA").

Humantech filed its Second Amended Complaint ("SAC"), also as of right[2], on January 28, 2013. The SAC added PureWorks, Inc. ("PureWorks") as a defendant and added an additional count of trademark infringement against the Caterpillar Defendants. All Defendants subsequently filed numerous motions to dismiss the SAC on a variety of grounds.

Judge Borman received the Motions to Dismiss in February and March of 2013, however, he did not set the motions for a hearing until October 2013. Ultimately, the case was transferred to this Court where the hearing was advanced to September 24, 2013, but was subsequently cancelled when the Court issued rulings without oral arguments.

While this case was filed in November 2011, it has been inactive for approximately twenty-one of the twenty-six months that have passed since then. The delay has been due to pending motions to dismiss, a lengthy stay of the case, and having been reassigned twice.

---

[1] The FAC was filed just days after the original Complaint and before the summons and complaint were served, which is permitted under Fed. R. Civ. P. 15.

[2] Humantech was permitted to file the SAC as of right under the Stipulated Scheduling Order.

III.    **LEGAL ANALYSIS**

A.    **Standard of Review**

Federal Rule of Civil Procedure 15 permits a party to amend its pleading once as a matter of course within either 21 days of serving it, or within 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. Fed. R. Civ. P. 15(a)(1) (A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court set out the standard to be applied to a request for leave under Rule 15:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leaver sought should, as the rules require, be "freely given."

Case law in the Sixth Circuit has held that there should be "liberality in allowing amendments to a complaint." *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).

B.    **Humantech's Proposed Additions are Consistent with the Nature of the Lawsuit.**

Humantech's Motion does not propose a new legal theory that will cause undue prejudice. In *Lanigan v. LaSalle Nat. Bank*, 108 F.R.D. 660, 62 (N.D. Ill. 1985), the court recognized that "virtually every amendment to a complaint results in some degree of prejudice to the defendant." Consequently, the applicable standard is not whether the

3

defendant will experience any prejudice, but whether or not the prejudice is "undue." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

The instant case is an action for copyright infringement and breach of contract. Humantech has previously alleged that Caterpillar infringed six Humantech copyrights through the creation of training modules that incorporate Humantech material, and by the inclusion of Humantech images in materials prepared by PureSafety. Additionally, Humantech alleged that the materials were distributed by Caterpillar to third parties in violation of a series of contracts entered into between the Parties, which permitted Caterpillar to use Humantech materials for internal purposes only. Humantech's TAC proposes to add factual allegations relating to additional infringing materials produced by Caterpillar, which violate the same contracts and infringe the same copyrights previously alleged by Humantech. Consequently, Humantech is not altering its allegations, as Caterpillar claims, it is seeking to expand upon the allegations of which Caterpillar has been aware of since the beginning of this action, and which are the fundamental issues at hand. The new allegations are closely related to those previously asserted, therefore they do not significantly change the nature of the claims in the case nor do they substantially affect Humantech's theory of the case.

Caterpillar however, maintains that the proposed Amendment will change the nature of the case as the proposed legal theory in the TAC is completely different from the theory Humantech has previously presented based on the web-enabled training modules. Caterpillar argues that Humantech is attempting to add new claims based on different materials. However, the consistency between Humantech's allegations clearly delineates that no new legal theory is established through Humantech's Motion. Moreover, any

4

additional time, expense, and litigation work required does not constitute undue prejudice. Depositions have not yet taken place, therefore no one will need to be redeposed, and on January 9, 2014, Magistrate Judge Hluchaniuk granted two motions to compel filed by Humantech directly related to the Caterpillar Production System ("CPS") and 6 Sigma materials. *See* Dkt. No. 113.

Humantech's TAC does not create a new legal theory resulting in undue prejudice significant enough to inhibit this Court from granting Humantech's Motion.

### C.   Humantech's Proposed Amendment is not Futile.

Humantech argues that a third amendment to the Complaint will not be futile as "[t]he test for futility...does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In the instant case, the SAC cited six copyrighted works of Humantech that Caterpillar infringed. It noted that Caterpillar initiated CPS "to be a blueprint for the integration of 6 Sigma and Lean concepts for companywide implementation. By implementing CPS, the company would transform its manufacturing systems to set new standards for quality, safety and speed in the industry."*See* Dkt. No. 37. Additionally, the SAC cited eight web-based training modules used by Caterpillar that infringed the Humantech copyrights.

5

Since the SAC, Humantech has learned that Caterpillar was also distributing 6 Sigma and other CPS materials to third-party customers and that it had removed the Humantech copyright notices from materials included in its CPS and 6 Sigma materials. Consequently, the proposed TAC simply adds the allegations of additional infringing materials to the Complaint, all of which infringe the same copyrights articulated in the initial Complaint.

Alternatively, Caterpillar argues that Humantech's Proposed Amendments would be futile. Caterpillar maintains that none of the proposed amendments would be capable of stating cognizable claims. In support, Caterpillar asserts that none of the newly discovered evidence, internet articles from 2003 and 2010, offer factual support for the new claims. Rather, the articles simply speak about Caterpillar extending the 6 Sigma methodology and working on improvements.

Caterpillar asserts that Humantech's new claims have no merit as neither the copyright nor the DMCA claims state the necessary facts to maintain the allegations. However, Caterpillar's argument is virtually identical to arguments that have already been rejected twice before in this case, as both of Caterpillars's prior motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) were denied. *See* Dkt. No. 22 and 74. Consequently, Caterpillar's argument is rejected as to the instant matter. The proposed TAC contains allegations sufficient to state claims as they relate to the CPS and 6 Sigma, and Caterpillar's violation of the same contracts and infringement of the same copyrights as are already at issue, just as the FAC and SAC contained sufficient allegations to withstand dismissal of the claims stated therein.

6

**D.    Humantech's Motion was Made Without Undue Delay.**

Caterpillar questions the timeliness of Humantech's Motion. Case law has established that a party must act with due diligence if it intends to take advantage of Rule 15's liberality. *Troxel Mfg., Co. v. Svchwinn Bicycle, Co.,* 489 F.2d 968, 971 (6th Cir. 1973). Caterpillar argues that the new information Humantech claims to have recently uncovered has been easily accessible for years, therefore asserting Humantech's delayed discovery of the facts is untimely. The court in *Troxel* held that mistake or oversight does not excuse a party's delay in moving promptly to amend pleadings. *Id.* Additionally, Caterpillar points out that Humantech has known about CPS for a significant amount of time, but has never before made any reference that CPS materials were infringing.

Humantech, however, filed suit upon the information it had at the time, alleging that certain Caterpillar training materials infringed Humantech's copyrights and breached the parties's licencing agreements. Since that time, Humantech has learned of Caterpillar's additional use of CPS and 6 Sigma training programs with third parties in its supply chain, rather than merely using the programs internally. Additionally, Humantech asserts that Caterpillar points to no specific facts showing that Humantech was on inquiry notice of either the existence, or infringing nature, of the offending materials. "Constructive knowledge exists when a plaintiff 'should have been alerted to facts that, following duly diligent inquiry, could have advised it of its claim.' However...public access to information does not incontrovertibly establish constructive knowledge of one's claims." (Internal citations omitted) *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.,* 782 F. Supp. 487, 493 (C.D. Cal. 1991).

7

Under the present circumstances, Humantech's filing should be considered timely and any prejudice Caterpillar would experience would be minimal. As previously mentioned, while this case has been active since November 2011, it has only been in active litigation for approximately six months, due to pending motions to dismiss, a lengthy stay of case, and having been reassigned twice. When Humantech learned of the CPS and Sigma 6 information, it promptly sought to amend the complaint by filing the instant Motion on December 5, 2013, nearly two months before discovery cutoff. Additionally, Humantech will be engaging in depositions and discovery regardless of whether or not the amended complaint is granted. If any extension in discovery is needed, Humantech estimates it will be no more than a 30 to 45-day extension, which is not significant enough to be considered prejudicial.

## IV.    CONCLUSION

Accordingly, the Court will GRANT Plaintiff's Motion for Leave to File a Third Amended Complaint.

The Third Amended Complaint must be filed no later than Tuesday, February 4, 2014, and the Defendants answer must be filed no later than Tuesday, February 11, 2014.

SO ORDERED.

Dated: January 30, 2014          /s/ Tanya R Bankston
                                 GERSHWIN A. DRAIN
                                 United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
January 30, 2014, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk

9